Filed 6/16/15  P. v. Martinez CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|    Plaintiff and Respondent, | G050207 |
|       v. | (Super. Ct. No. 13NF1843) |
| LOUIS ANGEL MARTINEZ, | O P I N I O N |
|    Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, John Conley, Judge.  Affirmed as modified.

Richard Power, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Meagan J. Beale and William M. Wood, Deputy Attorneys General, for Plaintiff and Respondent.

\*　　　\*　　　\*

This is one of two companion cases in which defendant Louis Angel Martinez pleaded guilty to different offenses. The matters were joined for sentencing and the trial court sentenced him for both cases on the same date. As with the companion case, Orange County Superior Court case No. 13WF3134 (G050209), defendant contends the abstract of judgment reflects the incorrect number of total custody credits. The Attorney General agrees, as do we, that the abstract of judgment should be modified. "A sentence that fails to award legally mandated custody credit is unauthorized and may be corrected whenever discovered." (*People v. Taylor* (2004) 119 Cal.App.4th 628, 647; see *People v. Acosta* (1996) 48 Cal.App.4th 411, 428, fn. 8 ["The failure to award an adequate amount of credits is a jurisdictional error which may be raised at any time"].)

In this case, defendant pleaded guilty to possessing marijuana for sale (count 1) and selling or transporting marijuana (count 2). He thereafter admitted the enhancement that he committed count 1 while released on bail or on his own recognizance in another case, and allegations of prior convictions. The court struck the prior conviction allegations, stayed the sentence on count 1, and imposed a one-year term on count 2, consecutive to the sentence issued in the companion case, Orange County Superior Court case No. 13WF3134. The court awarded defendant 395 days credit (359 actual, 36 conduct). The total term imposed for this case (one year) and the companion case, Orange County Superior Court case No. 13WF3134, (eight years) totals nine years.

As of the original date set for sentencing, February 28, 2014, defendant had spent 274 days in custody. Adding 35 days (from March 1, 2014 to the April 4, 2014 sentencing date) brings the total to 309 days. But because all but one day (May 31, 2013) of the custody time in this case overlaps with the custody time in companion case No. 13WF3134, for which defendant received credit, defendant agrees he is entitled to only one additional credit in this case. (Pen. Code, § 2900.5; *People v. Bruner* (1995) 9 Cal.4th 1178, 1194.)

2

Both parties are additionally correct in noting that the abstract of judgment fails to list defendant's possession for sale conviction, for which the sentence was stayed.

The trial court is directed to prepare and forward an amended abstract of judgment, indicating, as to case "B" as designated in the abstract of judgment (Orange County Superior Court case No. 13NF1843), one additional day of actual prison custody credit. Adding the 394 custody credits awarded in case "A" as designated in the abstract of judgment (Orange County Superior Court case No. 13WF3134), the amended abstract of judgment shall reflect a combined total of 395 days of custody credit for both Nos. 13NF1843 and 13WF3134. It shall also include the stayed sentence on defendant's possession for sale conviction. As amended, the abstract of judgment shall be forwarded to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


RYLAARSDAM, ACTING P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.


3